IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON CHRISTIAN VARNER | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv199 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jason Christian Varner, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and applicable orders of the court for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner complains of a prison disciplinary conviction. In disciplinary case number 20190086328, petitioner was convicted of failing to groom. Petitioner states he received the following punishment as a result of the disciplinary conviction: (1) 45 days of recreation and cell restriction; (2) 60 days of commissary and telephone restriction and (3) demotion to a classification at which he will earn fewer days of good conduct time credits.

Analysis

As a result of his disciplinary conviction, petitioner did not loss any previously earned good time credits. The disciplinary conviction will therefore not have a direct effect on the amount of time

petitioner remains in prison. A petition for writ of habeas corpus may only be used to challenge the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). As petitioner's challenge to his disciplinary proceeding would not, even if successful, have a direct effect on the fact of duration of his confinement, his challenge to his disciplinary conviction is not cognizable in a petition for writ of habeas corpus.

## Recommendation

This petition for writ of habeas corpus should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 7th day of May, 2019.

_____
Zack Hawthorn
United States Magistrate Judge